STUCKY, Judge
(concurring in part and dissenting in part):
I respectfully disagree with the implication contained in the majority opinion that the lower court could have affirmed a conviction for indecent acts with another if it were “inherently a lesser included offense of the charged offense of rape.” United States v. McCracken, 67 M.J. at 467 (C.A.A.F.2009). More than fifteen years ago, this Court abandoned the “inherent relationship” and “fairly embraced” tests for lesser included offenses in favor of the statutory elements test. See United States v. Teters, 37 M.J. 370, 376 (C.M.A.1993) (citing Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)).
One offense is not a lesser included offense of another “unless the elements of the lesser offense are a subset of the elements of the charged offense.” Schmuck, 489 U.S. at 716, 109 S.Ct. 1443. “Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question.” Id. One element of the offense of indecent acts with another under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), is that the conduct be prejudicial to good order and discipline or service discrediting, while the offense of rape, Article 120, UCMJ, 10 U.S.C. § 920 (2000), contains no such element. Therefore, indecent acts with another is simply not a lesser included offense of rape.
With regard to the remedy, rather than order a sentence rehearing, I would remand to the United States Navy-Marine Corps Court of Criminal Appeals for sentence reassessment.